THOMAS WHITE *vs.* ALEXANDER D. WHITE.

Franklin.   January 29, 1897. — June 16, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, & BARKER, JJ.

*Equity Practice — Partnership — Receiver — Insolvent Debtor — Jurisdiction — Intervention of Creditor holding Collateral Security — Order for Sale of Security — Decree.*

It is within the discretion of the Superior Court, after the report of a receiver appointed in a suit in equity to dissolve a partnership has been confirmed, and his account allowed, and a dividend ordered to be paid to creditors whose claims have been allowed, to refuse to vacate a decree taking the bill for confessed against the defendant, and permit him to file an answer.   Even if such discretion could in any event be revised by this court, no facts appear in this case to warrant a revision.

Upon an appeal by the defendant from a decree of the Superior Court sitting in equity, where the evidence is not reported, if the findings of fact support the decree, and negative all the objections of fact on the part of the defendant, there is nothing for him to argue before this court except that the decree could not lawfully be passed on the facts found.

The Superior Court, having taken jurisdiction of a bill in equity by one partner against another to dissolve the copartnership, and for the appointment of a receiver to collect the assets and convert the property into money and pay the debts, and having proceeded to do this without objection, is not deprived of its jurisdiction by the mere fact that it turns out that the partnership cannot pay its debts in full.

In a suit in equity to dissolve a partnership and for the appointment of a receiver, a creditor of the firm holding collateral security for his debt, consisting of a promissory note containing a power of sale, may intervene by a petition, asking that the security may be sold and the proceeds applied to the payment of his debt, and that he may be admitted to prove his claim for the residue, and an order for the sale of the security is within the authority of the court.

BILL IN EQUITY, filed in the Superior Court May 5, 1896, for the dissolution of a partnership, for the appointment of a receiver, and for other relief.   From the several decrees entered in the case the defendant appealed to this court.   The facts appear in the opinion.

*P. D. Martin & C. F. A. Eddy*, for the defendant, submitted the case on a brief.

*J. A. Aiken*, for the receivers.

*F. L. Greene*, for the plaintiff and for the Franklin County National Bank.

FIELD, C. J.    This suit is a bill in equity, brought in the Superior Court by one partner against another, praying virtually for a dissolution of the partnership, and the appointment of a receiver to get in all the debts and to take possession of the other property of the partnership, and to convert it into money under the direction of the court; and for an injunction against the defendant, restraining him from collecting any debts due to the partnership, selling any of its property, or incurring any indebtedness on its account.    The bill was filed on May 5, 1896, and on May 6 a temporary receiver was appointed, and an injunction was issued, as prayed for.    On May 16, 1896, a decree was entered dissolving the partnership and appointing two receivers, with the usual powers of receivers in winding up the affairs of a partnership.    It is said that the decree was entered by consent, although this does not expressly appear in the papers before us.    On May 27, 1896, the defendant entered his appearance in the suit by his attorneys.    The first account of the receivers was filed on July 11, 1896, and on September 4, 1896, they filed their first report.

On the same day the court passed the following order: " In the above entitled suit William S. Allen and George A. Kimball, Esquires, the receivers appointed therein, having filed their first report and prayed in said report that their sale of personal property be ratified and confirmed, and that an account filed by them be allowed, and that a dividend be ordered to be paid to the creditors of the firm of White Brothers, it is ordered that the receivers give notice to all parties interested in said suit to appear before the Superior Court at Greenfield, in said county, on Saturday, September 12, A. D. 1896, at 9 o'clock, A. M., by publishing an attested copy of this notice in the Gazette and Courier, a newspaper published in said Greenfield, once before said Saturday, and by sending to all known creditors, and all counsel of record in said suit, a copy of this order as soon as may be, that all persons interested in said suit may then and there show cause, if any, why the said report should not be allowed and confirmed, the claims of the several creditors stated in said report be allowed, the said sale ratified and confirmed, the said account allowed, and a dividend ordered to be paid, as therein prayed for."

On October 3, 1896, the notice having been published and sent as ordered, the court passed the following decree : " This case came on to be further heard upon the allowance of the receivers' first report, and the ordering of the payment of a dividend to the creditors of White Brothers, and evidence was heard by the court thereon, and counsel argued thereon, and thereupon upon consideration thereof it is ordered, adjudged, and decreed that the receivers' said first report be allowed, and the account therein mentioned be allowed, and that the same are hereby allowed ; and that the claims of the creditors as stated in said report be and the same are hereby allowed ; and further, that the receivers forthwith pay to all the creditors whose claims have been allowed, a dividend of forty per centum upon their respective claims, and that the receivers hold in their hands the balance as shown by their said account and report, to await the further order of the court." On the same day, namely, October 3, the plaintiff moved that the bill be taken for confessed against the defendant because no answer had been filed; and it was so ordered by the court.

On October 16, 1896, the defendant by attorneys other than those who entered an appearance for him filed the following request : " And now comes the defendant in the above cause and asks the court for leave to file an answer therein, for the following reasons, to wit : that at the time of the bringing of the plaintiff's bill, and for thirty days after the entry of said action, he had employed counsel to defend and look after his rights and interests in said case, and to perform such duties as might be required therein. Yet notwithstanding all this, said counsel so employed as aforesaid, and without any knowledge on his part, and through no fault of his, utterly failed to file an answer to the plaintiff's bill within the time required by law, as he has since learned that he should have done ; whereof he prays that he may be permitted to come into court and file his answer, and that the order of this court taking the plaintiff's bill as confessed may be vacated." This request was disallowed, and the defendant appealed. The answer which the defendant desired to file denied many of the allegations of the bill.

It was for the Superior Court, at this stage of the case, to determine in its discretion whether it would vacate the decree

taking the bill for confessed, and permit the defendant to file an answer, and even if this discretion could in any event be revised by this court, no facts have been found or evidence reported on which we could revise it. The court properly permitted the defendant to appear and take part in all matters relating to the proof of claims, the disposition of the assets, and to the accounting, as a party interested in the cause, and entitled to be heard. *Blanchard* v. *Cooke*, 144 Mass. 207.

On October 3, 1896, the defendant, by his attorneys, filed certain objections to the allowance of the receivers' report.

On September 4, 1896, the Franklin County National Bank of Greenfield filed a petition in the cause, alleging that it was the holder of a promissory note signed by the partnership, then overdue, and that it held certain shares of stock pledged to it by the partnership as collateral security for the payment of the note ; and it prayed that the collateral security might be sold and the proceeds applied to the payment of the note, and that it might be admitted to prove its claim for the residue. The promissory note in terms gave authority to the bank to sell this collateral security at public or private sale at any time after the non-performance of the promise to pay the note. The court ordered a sale of the shares of stock at public auction after advertisement, and, the sale having been made, the court on September 19, 1896, entered a decree confirming the sale, and allowing the bank to prove its debt against the property in the hands of the receivers, after deducting from the amount of it the net proceeds of the sale. From this decree, as well as from the decree confirming the first report of the receivers and allowing their account entered on October 3, 1896, the defendant appealed to this court.

The justice of the Superior Court, on December 28, 1896, filed a report of his findings of fact in the matter of confirming the report of the receivers and the allowing of their account, and in the matter of the petition of the Franklin County National Bank, stating that at the time of the hearing on these matters no request was made that the evidence be reported, and that therefore the evidence could not be reported. The findings of fact by the justice support the decrees, and negative all the objections of fact on the part of the defendant. On the

papers before us, therefore, there is nothing for the defendant to argue except that the decrees could not lawfully be passed on the facts found.

So far as we understand the brief of the defendant's counsel, the contention is, that, when it was ascertained that the partnership was insolvent, the court ceased to have jurisdiction over the plaintiff's suit. It does not appear that proceedings in insolvency have been instituted by anybody. The court having taken jurisdiction of a bill brought by one partner against another to dissolve the copartnership, and to appoint a receiver to collect the assets and convert the property into money and pay the debts, and having proceeded to do this without objection, is not deprived of its jurisdiction by the mere fact that it turns out that the partnership cannot pay its debts in full. Although we do not intend to commend the practice of administering the affairs of an insolvent partnership in equity rather than in insolvency, when the partnership is subject to our insolvent laws, yet in this case, when the bill was brought, it did not appear that the partnership was supposed to be insolvent, and the proceedings were carried on apparently without objection until after receivers had been appointed and the partnership had been declared dissolved. It does not even now appear that the partners individually are insolvent, although the firm assets are not sufficient to pay the firm debts, and therefore it does not appear that the partnership is insolvent. The method adopted in this suit, of winding up the affairs of an insolvent partnership in equity, is very common in some other jurisdictions, and cannot be said to be beyond the jurisdiction of a court in equity having general equity powers where no insolvency proceedings have been instituted. The court at the outset, if it had appeared that the partnership was insolvent, undoubtedly might have declined the jurisdiction, on the ground that the best remedy was in the Court of Insolvency.

The intervention of the Franklin County National Bank by petition was proper, and the order for the sale of the security was within the authority of the court, the bank assenting to it, although by reason of the power of sale contained in the promissory note it may be that the bank could have sold the security without an order of the court. The decree of the court on the

petition was right. *Washburn* v. *Goodman,* 17 Pick. 519. *Amory* v. *Francis,* 16 Mass. 308. *Merchants' National Bank* v. *Eastern Railroad,* 124 Mass. 518, 524. *Franklin County National Bank* v. *First National Bank of Greenfield,* 138 Mass. 515, 518, 522. 1 Story, Eq. Jur. § 633.

The orders and decrees of the Superior Court which have been appealed from must be affirmed, with costs.

*So ordered.*