FIRST BAPTIST SOCIETY IN BROOKFIELD & another *vs.* JOSEPH P. DEXTER & others.

Worcester.    October 2, 1906. — November 26, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice*, Appeal, Injunction.    *Rules of Court.*

Where a bill in equity sets out a sufficient ground for relief and the findings of the judge who heard the case support the allegations of the bill, on an appeal from a decree for the plaintiff without any report of the evidence the findings of the judge are conclusive.

Under the provision of Equity Rule 2 of the Superior Court, that no injunction shall issue except upon a bill which has been sworn to or verified by affidavit, it is sufficient if the bill is sworn to by one of two plaintiffs.

On an appeal in a suit in equity from a decree granting an injunction it is too late to raise for the first time the point that the injunction should not issue because the bill was not sworn to as required by the provision of Equity Rule 2 of the Superior Court.

RUGG, J.    This is a suit in equity brought by the first named plaintiff, a religious society incorporated by an act passed on June 17, 1800, (see St. 1904, c. 239,) and William F. Hayward, claiming to be its treasurer.

The bill was filed on February 5, 1906, and alleged that on the first Monday of January, 1906, a judgment was entered in the Superior Court in favor of the plaintiff society against the Spencer Savings Bank for the sum of $500 without costs; that upon demand by the defendant Dexter, acting for the defendant Hood, who claimed to be the treasurer of the plaintiff society,

the savings bank refused to pay the amount called for by the execution, and that thereupon the execution was placed in the hands of the defendant Snell, a deputy sheriff, who collected the amount due thereon from the savings bank, and that contemporaneously with the collection of the execution, there was handed to the defendant Snell a written notice informing him that the plaintiff Hayward was the lawful treasurer of the plaintiff society, and the only person authorized to receive the money so collected; that thereafter the defendants, Hood and Dexter, wrongfully, without authority and against the rights of the plaintiffs, caused an action to be brought in the Superior Court, in the name of the plaintiff society against the defendant Chamberlain as the sheriff of the county of Worcester, to compel the payment of the money collected by the defendant Snell. The prayers were for a determination as to whether Hayward or Hood was the lawful treasurer of the plaintiff society, and as to the person entitled to receive the money collected by Snell, and for injunctions against the defendants Dexter and Hood from prosecuting the suit against the defendant Chamberlain, from using the name of the society in other proceedings, and from collecting or receiving said money. The defendants Dexter and Hood filed several answers, setting out among other allegations that the defendant Hood was the legal treasurer of the plaintiff society and denying that the plaintiff Hayward was such treasurer. The other defendants duly answered and issue was joined.

A hearing was had before a judge of the Superior Court, who found, among other matters not now material, that the plaintiff Hayward was duly elected treasurer at a legal meeting of the First Baptist Society in Brookfield on April 28, 1905, that he continued to be to the date of the decree the lawful treasurer of the society and that the defendants Dexter and Hood had no authority to collect or receive the money in the hands of the defendant Snell, nor to commence litigation in the name of the plaintiff society, and that the defendant Hood wrongfully claimed to be its treasurer. In other words, it is found that before the demand made by Dexter acting for Hood upon the Spencer Savings Bank and upon Snell, and before the commencement of the action against Chamberlain which, among other matters, the bill seeks to restrain, Hayward was the treasurer of the plaintiff

society and that Hood wrongfully was claiming to be such treasurer and without authority of the society was employing an attorney to institute a suit and demand money in its name.

A decree was entered in the Superior Court, that the plaintiff Hayward was the legal treasurer of the plaintiff society and ordering the money in the hands of the defendant Snell to be paid to the plaintiff Hayward, as treasurer of the plaintiff society, and perpetually enjoining the defendants, Dexter and Hood, from prosecuting the suit of the First Baptist Society in Brookfield against Chamberlain, and from using the name of the society in any other proceeding, and further ordering that the defendant Hood pay the costs. From this decree the defendant Hood alone appealed.

Neither the records of the meeting of the plaintiff society touching the election of Hayward as treasurer at the meeting of April 28, 1905, nor those of the meeting at which the defendant Hood claimed to have been elected treasurer are before us and no evidence relating to these or any other matters is reported, although certain records of the society not now material are made a part of the findings. Under these circumstances, there is no reason whatsoever why we should disturb the findings of the judge. It is too clear for argument that the findings we have recited are conclusive and there is nothing in the record upon which to base a criticism of their correctness, or to found a suggestion that the evidence permitted any other conclusion to be reached. It is impossible for us to reverse them. *Holt* v. *Silver*, 169 Mass. 435, 457. The only matter open to the defendant to argue is that the decree did not correspond with the allegations and prayers of the bill and could not lawfully be entered on the facts found. *Kerse* v. *Miller*, 169 Mass. 44. *White* v. *White*, 169 Mass. 52. It is plain that the bill sets out sufficient ground for relief in equity, that the findings in the Superior Court abundantly support the allegations of the bill, and that its prayers fully cover the terms of the decree.

It is urged that the allegation in the bill that Hayward was elected treasurer of the plaintiff society on May 27, 1904, and has ever since been the lawful treasurer of the said corporation, confined the issues to the validity of the election upon that date. There is nothing in this. The finding of facts by the Superior

Court supports the allegation, so far as material to the issues here depending.

The defendant also suggests that the bill is not sworn to by the plaintiff society, and therefore that no injunction can issue under Standing Order 5 of the Superior Court.* Oath was made by the plaintiff Hayward and nothing more was required. Moreover, it is now quite too late to raise the point for the first time.

It is not necessary to refer to the other findings nor discuss the remaining questions argued by the appellant, for they relate to wholly immaterial matters.

> *Decree affirmed, with double costs against the defendant Hood.*

*J. P. Dexter*, for the defendant Hood.

*H. E. Cottle*, for the plaintiffs.

---

\* The Standing Order referred to was in the Rules of the Superior Court of 1900 as follows: " 5.   No injunction shall issue except upon a bill which has been sworn to, or upon verification of the material facts by affidavit." This now is incorporated at the end of Equity Rule 2 of the Rules of the Superior Court of 1906.