PHILIP W. JACOBS, trustee in bankruptcy, *vs.* MICHAEL
ANDERSON & others.

Suffolk.    December 8, 1922. — February 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Master.    *Equity Jurisdiction,* To relieve
from results of fraud.    *Fraud.    Conspiracy.*

Upon an appeal from a final decree in a suit in equity founded upon a report of a
master which did not contain a report of the evidence before him, the master's
findings must stand unless upon the face of the report they are mutually in-
consistent or contradictory and plainly wrong.

In a suit in equity by a trustee in bankruptcy against the bankrupt and two alleged
conspirators with him in a scheme to cheat merchants by procuring for them
large amounts of clothing chiefly on credit, to sell the same quickly and cheaply
from a store in Haverhill and not pay creditors, a master found that while the
bankrupt and one of the defendants conspired as alleged by the plaintiff, the
third defendant was not a party to the conspiracy.   He also found that the third
defendant was present on two occasions when the bankrupt made purchases in
furtherance of the conspiracy, that he also knew, within a month after the arrival
of the merchandise at the store of the bankrupt, that the latter was bankrupt
and that bankruptcy proceedings against him were imminent and were feared
by both the other defendants; that he thereupon assisted the other defendants
in taking away a large part of the merchandise from the store and later caused
the same to be sold in his own name, receiving checks to his own order in pay-
ment, which he had never turned over to the plaintiff or to the bankrupt; that
he also made arrangements with the attorney for the trustee in bankruptcy to
see the trustee and to give him all the assistance he could for the recovery of
the goods belonging to the trustee, but that this was not done in good faith but
fraudulently for the purpose of making the trustee believe that his own dealing.
with the merchandise was innocent, whereas it was fraudulent; and that the
third conspirator was liable to the plaintiff for the amount of the merchandise
taken and sold by him.   *Held,* that

(1) The master's finding in substance and effect was that the third defendant
was not a party to the conspiracy but only that he took a comparatively small
part of the merchandise in fraud of the plaintiff's rights;

(2) Such finding could not be pronounced wrong in law, although a finding
of such participation by the third defendant in the final stages of the conspiracy
as would render him responsible as a party to it seemingly might have been
warranted.

BILL IN EQUITY, filed in the Superior Court on September 7,
1920, by the trustee in bankruptcy of Peter Gardules with a writ
of summons and attachment against Michael Anderson and

William Yurelielionis, which afterwards was amended to include
Peter Gardules as a party defendant, to allege the conspiracy
described in the opinion, and to seek recovery of goods unlawfully
taken by the defendants Anderson and Yurelielionis.

The suit was referred to a master. Material facts found by the
master are described in the opinion. There was no report of the
evidence before the master. The plaintiff excepted to certain
findings of fact by the master and to his rulings as to the amount
which should be recovered from the defendant Anderson. ·

The exceptions were heard by *Hammond,* J., by whose order
there were entered an interlocutory decree overruling the excep-
tions and confirming the report, and a final decree ordering the
defendant Anderson to pay to the plaintiff the sum of $850 and
interest, and the defendant Yurelielionis to pay to the plaintiff
the sum of $8,295.56 and interest, and assessing costs against those
defendants jointly. The plaintiff appealed.

*J. B. Jacobs & P. W. Jacobs,* for the plaintiff, submitted a brief.
No argument or brief for defendants.

RUGG, C.J. This is a suit in equity by the trustee in bank-
ruptcy of Peter Gardules. It is founded on an alleged conspiracy
between the bankrupt and the other defendants to cheat Boston
merchants by procuring from them large amounts of clothing
chiefly on credit, to sell the same quickly and cheaply from a store
in Haverhill and not pay creditors. The case was referred to a
master, who made a finding of the facts. No evidence is reported.
Hence those findings must stand unless upon the face of the report
they are mutually inconsistent or contradictory and plainly wrong.
*Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 334. *First Baptist
Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189.

It has been found that the defendants Gardules and Yurelie-
lionis conspired to defraud the merchants, but that the defendant
Anderson, although the scheme was disclosed to him by Gardules,
consulted an attorney and in accordance with his advice declined
to become a party to it, and a few days later was told that the
other two defendants were going into the scheme. The master
finds that Gardules and Yurelielionis conspired to defraud the
Boston merchants and did numerous acts in execution of that
conspiracy, but does not find that Anderson was a party to the
conspiracy. Anderson's connection with the transactions was

found to be as follows: — Although knowing of the conspiracy, he took no part in connection with the purchase of merchandise but was present on two occasions when purchases were made by Gardules. Anderson also knew, within a month after the arrival of the merchandise at the store of Gardules, that the latter was bankrupt and that bankruptcy proceedings against him were imminent and were feared by both the other defendants. He thereupon assisted the other defendants in taking away a large part of the merchandise from the store and later caused the same to be sold in his own name, receiving checks to his own order in payment in the sum of $850, which he has never turned over to the plaintiff or Gardules. He also made arrangements with the attorney for the trustee in bankruptcy of Gardules to see the trustee and to give him all the assistance he could for the recovery of the goods belonging to the trustee, but that this was not done in good faith but fraudulently for the purpose of making the trustee believe that his own dealing with the merchandise was innocent, whereas it was fraudulent. The ultimate finding was that the defendant Anderson was liable only for the amount of merchandise taken and sold by him. The finding is in substance and effect that Anderson was not a party to the conspiracy but only that he took a comparatively small part of the merchandise in fraud of the plaintiff's rights. This finding cannot be pronounced wrong in law. Whether Anderson was a party to the conspiracy either at its inception or at any later stage was a question of fact to be decided on all the evidence including the appearance of the witnesses and their manner of testifying. While a finding of such participation by Anderson in the final stages of the conspiracy as would render him responsible as a party to it seemingly might have been warranted, *Light* v. *Jacobs*, 183 Mass. 206, it is not a necessary consequence of the facts actually found and reported.

*Decree affirmed with costs of appeal.*