WICKWIRE SPENCER STEEL CORPORATION *vs.* UNITED SPRING COMPANY & another.

Worcester. January 2, 1924. — February 25, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Jurisdiction,* To enforce trust for benefit of creditors. *Trust. Equity Pleading and Practice,* Parties, Motion to dismiss, Appeal, Waiver by answer and proceeding to hearing on merits.

In a suit in equity by a creditor against a corporation and one to whom it had conveyed the proceeds of a sale of all of its assets in trust to pay creditors, the essential facts alleged in the bill were found to be true and it was found that all the creditors of the corporation excepting two, one of whom was the plaintiff, had been paid from the fund and that a large percentage of the fund had been distributed to stockholders of the corporation. A decree ordering that the plaintiff be paid from the fund was entered and the defendant trustee appealed. *Held,* that

(1) No objection as to want of parties could be urged on the record in this court on the appeal;

(2) How far other beneficiaries of the fund should be made parties rested largely in sound judicial discretion;

(3) By answering and proceeding to trial on the merits, all right of the defendant to complain for want of equity or because there was a plain and complete remedy at law had been waived;

(4) The plaintiff, who was one of those for whose benefit the trust was established, had a right to avail himself of its advantages and institute proceedings to enforce its terms.

BILL IN EQUITY, filed in the Superior Court on May 2, 1922, seeking to establish a claim of the plaintiff against the defendant United Spring Company amounting to $395.33 with interest from January 8, 1922, and that the defendant Ralph F. Albert be required to hold as trustee for the plaintiff the sum of $388, being a balance of a fund placed in his hands by the defendant corporation for the payment of its creditors, and for general equitable relief.

The defendants filed joint answers by leave of court on September 15, 1922.

A week before the trial judge filed a statement of his findings and rulings, that is, on April 13, 1923, the defendants filed the motion to dismiss described in the opinion, and it was denied. No appeal was taken from such denial.

The suit thereafter was heard by *Keating*, J. Among other facts found by him were the following: The defendant Albert was counsel for the defendant corporation and for one Neipris, one Yessen, and one Blatt, who were its directors, practically its only stockholders, and controlled all its stock. The defendant sold its property for $6,830 and placed that sum in the possession of Albert under an agreement to pay all the creditors of the defendant corporation. The total amount of claims against the defendant corporation was $1,592.81. The defendant Albert paid all such claims excepting the claim of the plaintiff, amounting to $395.33, and a claim of the American Steel and Wire Company, amounting to $215.24. He also " wrote checks by which the stockholders of the " defendant corporation " were paid $5,050.30 for the stock they had transferred to the " purchaser from the defendant corporation or to its representative " and in payment of loans to the " defendant corporation " and in payment of a dividend." Mr. Albert fixed his fee at $100 for services rendered the defendant corporation, or Neipris, Yessen and Blatt, in connection with the sale of its assets, and Neipris, Yessen and Blatt assented thereto.

The judge further found and ruled "that the relation between Albert and the United Spring Company, or Neipris, Yessen and Blatt was a fiduciary relation; that Albert

received the $6,830 in trust to pay all the creditors of the United Spring Company, and then distribute the balance, less his fee, among the stockholders; that he was not justified in refusing to pay the plaintiff and the American Steel and Wire Company out of said $6,830, and that he had about $600 left of said $6,830 after the stockholders and the creditors (except the plaintiff and the American Steel and Wire Company) and his fee were paid."

By order of the trial judge a final decree was entered adjudging that the plaintiff was entitled to receive from the defendant Albert $395.33 and interest from November 30, 1921, and directing Albert to pay that sum to the plaintiff with costs amounting to $40.94. The defendant Albert appealed from the final decree only.

In his brief filed in this court, the defendant Albert argued only (1) that the motion to dismiss for want of parties should have been denied in substance, and (2) " It is also obvious that Albert paid to the United Spring Company, or to Neipris, Yessen and Blatt, or to some other person or persons a part of the trust fund which should have been paid to the creditors of the United Spring Company. Since some of these parties were parties to this action, a decree should have been made requiring them to pay back, either to Albert or to the creditors, such part of the fund as did not belong to them, and if any person not made a party to this action had received any part of that fund such person or persons should have been made parties to the action and a decree framed by which such part of the fund which they had received should have been paid back. There is no allegation that Albert paid out the money of the fund fraudulently or wilfully and he should be protected in so far as such payment was mistaken and the creditors should be protected in so far as any person improperly receiving any part of the fund could be ordered to pay it back, otherwise this decree instead of doing equity would only result in a still greater hardship and injustice to the parties involved."

The case was submitted on briefs.

*P. D. Wesson,* for the plaintiff.

*R. F. Albert & W. B. Feiga,* for the defendant Albert.

RUGG, C.J.    This is a suit in equity.    Stated summarily, the allegations of the bill are that the plaintiff is a creditor of the corporate defendant, which sold all its personal property and caused the proceeds to be paid to the individual defendant on the trust to pay a portion thereof in specified amounts to its creditors; that the individual defendant has paid all such creditors except the plaintiff and one other, and that he holds a sum sufficient to pay the claim of the plaintiff in trust for it.    The prayers of the bill are that the plaintiff's claim against the corporate defendant be established and that the individual defendant be decreed to hold a sum adequate to pay its claim as trustee for the plaintiff, and for general relief.

The defendants severally filed answers.    More than six months thereafter the individual defendant filed a motion to dismiss the cause on the ground of want of proper parties. This was denied rightly.    Such motion is not the proper way to take the objection that necessary parties have not been joined.    *Noyes* v. *Bragg*, 220 Mass. 106, 110.

The case was heard by a judge of the Superior Court, who filed a statement of his findings.    The facts thus found were that the directors, constituting practically all the stockholders, of the corporate defendant sold all its property and stock for $6,830, which sum was placed in the hands of the individual defendant in trust for the purpose of having him pay all the creditors of the corporate defendant and distribute the balance, after deducting $100 for his own services, among its stockholders.    The total amount of bills due to such creditors was $1,592.87.    All the creditors have been paid except the plaintiff and one other, whose total claims are $610.57.    Manifestly considerable payments were made to the stockholders, but after all payments were made the individual defendant had a balance in his hands of $622.25.    Under the terms of the trust deposit he had no right to distribute anything among stockholders until he had paid creditors, including the plaintiff, in full.

A decree was entered to the effect that the plaintiff is entitled to receive from the individual defendant the amount of its claim with interest and costs.    His appeal brings the case here.

The evidence not being reported, the findings of fact must be accepted as final. The only question is whether the decree conforms to the allegations of the bill and rightly could have been entered on the facts found. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187. *Gordon* v. *Borans*, 222 Mass. 166. *Jacobs* v. *Anderson*, 244 Mass. 125.

No objection can be urged successfully at this stage of the case, upon the facts shown, for want of parties. There were ample funds placed in the hands of the individual defendant to pay all the creditors of the corporate defendant. The bill might be treated as brought in behalf of all parties in interest. The court ordinarily takes pains to see that all parties interested in a trust fund are given an opportunity to be heard. But how far such persons should be made parties rests largely in sound judicial discretion. *Smith* v. *Williams*, 116 Mass. 510. *Crowell* v. *Cape Cod Ship Canal Co.* 164 Mass. 235. The case at bar is distinguishable from *Gregory* v. *Merchants' National Bank*, 171 Mass. 67, and similar decisions. By answering and proceeding to trial on the merits, all right to complain for want of equity or because there is a plain and complete remedy at law has been waived. *Creely* v. *Bay State Brick Co.* 103 Mass. 514. *Driscoll* v. *Smith*, 184 Mass. 221. *Bauer* v. *International Waste Co.* 201 Mass. 197, 201. Manifestly the Superior Court had jurisdiction of the cause of action. *Maker* v. *Bouthier*, 242 Mass. 20, 24.

The individual defendant, having received this money in trust, was bound to distribute it according to the terms of his fiduciary agreement. The plaintiff does not appear to have been a direct party to that trust or to have assented to its terms except by bringing the present suit. A trust may be created for the benefit of third persons without their knowledge or consent. One for whose benefit a trust is established may avail himself of its advantages by instituting proceedings to enforce its terms. *Boston* v. *Turner*, 201 Mass. 190, 194, 195, and cases there collected. *Forbes* v. *Thorpe*, 209 Mass. 570, 581, 582. It is not necessary to inquire whether some remedy at law might have been available to the plaintiff. *Mellen* v. *Whipple*, 1 Gray, 317, 322.

*Johnson* v. *Johnson,* 120 Mass. 465. *Chase* v. *Perley,* 148
Mass. 289, 294. It cannot now be urged that such remedy
was exclusive upon the facts here disclosed.

The facts found plainly show that the individual de-
fendant has money in his hands which he ought to apply in
payment of the plaintiff's claim.

*Decree affirmed with costs.*