LIBERTY BANK AND TRUST COMPANY *vs.* MARVIN L. LIPSHUTZ. May 27, 1977. The defendant Lipshutz appeals from that part of a judgment entered for the plaintiff Liberty Bank and Trust Company (bank) on a counterclaim by Lipshutz. Lipshutz based his counterclaim on an escrow agreement executed among a stock issuer (ARP), an underwriter (Newton), and the bank providing that the bank would serve as escrow agent for an "all or none" offering of ARP stock and would return the purchase money to subscribers if all 150,000 shares in the offering were not "sold" by January 17, 1973. Lipshutz, who ordered 10,000 shares on January 16 and paid for them on February 4, concedes that orders for all 150,000 shares were placed on January 17, but he contends that the bank was obligated under the escrow agreement to return his money because the bank did not receive the purchase money for the full subscription until February 5. He points to a release issued by the Securities and Exchange Commission (SEC) in July, 1975, stating that for purposes of SEC Rule 10b-9, promulgated pursuant to the Securities Exchange Act of 1934 (15 U.S.C. § 78j [1970]), an "all or none" offering may not be considered "sold" unless all the securities required to be placed by a particular date are actually paid for by that date. Assuming arguendo that Lipshutz, who was not a party to the escrow agreement, can maintain his counterclaim by fitting one of the exceptions to the third-party beneficiary

rule (see generally *Mellen* v. *Whipple,* 1 Gray 317, 321 [1854]; *Exchange Bank* v. *Rice,* 107 Mass. 37, 41 [1871]; *James Stewart & Co. Inc.* v. *National Shawmut Bank,* 291 Mass. 534, 552-553 [1935]; compare *Putnam* v. *Field,* 103 Mass. 556, 557 [1870]; *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, 569 [1924]; *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401, 435 [1924]; but see *Boston & Me. R.R.* v. *Construction Mach. Corp.* 346 Mass. 513, 521, & n.5 [1963]; *Merrill* v. *Kirkland Constr. Co. Inc.* 365 Mass. 110, 115 [1974]), the SEC release does not mandate a reversal of the judgment. The escrow agreement was executed in 1972 and carried out in 1973. The judge found that among the parties to the escrow agreement, and in "the securities industry generally," a sale was considered to have been made "when an order has been accepted and confirmed." The SEC release, which recognized the use of such a trade practice in "all or none" offerings and which purported to clarify its preexisting rule 10b-9 to curtail the practice, was not issued until 1975. Whether or not the SEC release would be applied retroactively in cases brought under the Securities Exchange Act of 1934 and rule 10b-9 (see Davis, Administrative Law §§ 5.08-5.09 [1958] and 1970 Supp.; compare *Greene* v. *United States,* 376 U. S. 149 [1964], with *Dixon* v. *United States,* 381 U. S. 68 [1965]), Lipshutz's counterclaim sounds in contract and is governed by the principle that a long-standing usage known to contracting parties is incorporated into the agreement unless there is in the agreement something indicating that the usage is not to be incorporated. *Baccari* v. *B. Perini & Sons, Inc.* 293 Mass. 297, 303-304 (1936). *Hardware Specialties, Inc.* v. *Mishara Constr. Co. Inc.* 2 Mass. App. Ct. 277, 280 (1974). Here the bank released the stock purchase money to ARP rather than return it to Lipshutz according to its understanding that all the stock had been "sold" under the terms of the escrow agreement.

*Judgment affirmed.*

The case was submitted on briefs.
*Marvin L. Lipshutz,* pro se.
*John A. Donovan, Jr.,* for the plaintiff.