MILDRED JACKSON *vs.* EDWARD MILLER; CITY OF BOSTON, intervener. April 10, 1981.  The plaintiff has appealed from a summary judgment entered in the Housing Court of the City of Boston which, in the parts here material, (a) ordered the defendant Miller (defendant), as the assignee of a purchase money mortgage given by the plaintiff in 1960 on property lying in the Dorchester district of the city of Boston, to pay over to the city certain monies (with interest) which the plaintiff had paid the defendant on account of the real estate taxes assessed or to be assessed on the mortgaged property and (b) dismissed a belated claim against the defendant under G. L. c. 93A.  The salient undisputed facts set out in the affidavits submitted under Mass.R.Civ.P. 56, 365 Mass. 824 (1974), may be summarized as follows.  The mortgage was given not only on the statutory condition (G. L. c. 183, § 20) but also on the further condition that the plaintiff pay the mortgagee "monthly with the principal and interest one twelfth of the real estate tax[es] assessed to said premises, the entire yearly tax to be paid on or before October 15th in each year," for breach of which the mortgagee was also to have the statutory power of sale (G. L. c. 183, § 21).  See *Wiggin* v. *Lowell Five Cent Sav. Bank,* 299 Mass. 518, 521 (1938).  The relevant tax bills were all mailed to the plaintiff, who was thus on notice of the monthly and total payments due for taxes.  Commencing some time in 1968 and running through the end of the calendar year 1973, each of the plaintiff's monthly payments on account of taxes was in an amount less than the one twelfth required by the condition of the mortgage.  For reasons best known to himself, the defendant (with certain exceptions not here material) did not remit any portion of those payments to the city as the taxes fell due.  The plaintiff made no payment on account of principal, interest or taxes during calendar 1974.  She commenced the present proceedings (by two separate actions ultimately consolidated in the Housing Court) in 1974, in response to proceedings earlier commenced by the defendant to foreclose the mortgage for breach of the conditions thereof.  The mortgage was foreclosed by sale during the pendency of the present proceedings.  By the time the cases came on for hearing under rule 56, the defendant had in his possession the sum of $4,346.50, representing the net of the aggregate of the tax payments the plaintiff had made during the years 1968 through 1973,

together with an undisclosed amount of interest which had been earned on those payments. The total amount of the taxes and the interest thereon due at that time was considerably in excess of the total amount held by the defendant. The judge ordered the defendant to pay the $4,346.50 to the city, together with interest thereon from the date of the commencement of the earlier of the present actions. The city was subsequently allowed to intervene as a party. 1. The order for payment was correct, whether we consider the relationship between the plaintiff and the defendant with respect to the disputed monies to have been fiduciary or contractual in nature. If the relationship was fiduciary in nature (see *Carpenter* v. *Suffolk Franklin Sav. Bank,* 362 Mass. 770, 776-778 [1973]), the city was entitled to enforce its rights as the beneficiary of the trust. *Wickwire Spencer Steel Corp.* v. *United Spring Co.,* 247 Mass. 565, 569 (1924). See also *Liberty Bank & Trust Co.* v. *Lipshutz,* 5 Mass. App. Ct. 831, 831-832 (1977). If the relationship was contractual in nature (see *Carpenter* v. *Suffolk Franklin Sav. Bank,* 370 Mass. 314, 322-326 [1976]), the city was entitled to enforce its rights as the creditor beneficiary of the defendant's implied promise to the plaintiff that he would remit her payments to the city as the taxes fell due unless the mortgage should be discharged in the meantime. *Choate, Hall & Stewart* v. *SCA Servs., Inc.,* 378 Mass. 535, 545-546, 548 (1979). Compare *Papamechail* v. *Holyoke Mut. Ins. Co.,* 8 Mass. App. Ct. 849, 850-851 (1979). The whole question is now resolved by G. L. c. 183, § 62, inserted by St. 1974, c. 104, as now in effect. 2. The order allowing the city to intervene was also correct. *Shirk* v. *Walker,* 298 Mass. 251, 262 (1937). *Choate, Hall & Stewart* v. *SCA Servs., Inc.,* 378 Mass. at 549 n.23. The plaintiff has cited no authority (and we have found none) in support of the proposition that the defendant owed her some duty to set up any defence to the city's claim that might have been available to him under any applicable statute of limitations. See, e.g., *Boston* v. *Gordon,* 342 Mass. 586, 589-591 (1961). 3. The plaintiff had no claim against the defendant under G. L. c. 93A, § 9(1), as in effect prior to St. 1979, c. 406, § 1, for the reasons set out in *Murphy* v. *Charlestown Sav. Bank,* 380 Mass. 738, 741-750 (1980). Nor did she have a claim under G. L. c. 93A, § 11, as most recently amended by St. 1979, c. 72, § 2, for the reason (if no other) that she failed to establish that she had suffered any "loss of money or property, real or personal" by reason of any unfair or deceptive act or practice on the part of the defend-ant. See and compare *Frank Cooke, Inc.* v. *Hurwitz,* 10 Mass. App. Ct. 99, 111 (1980), and cases cited. The plaintiff lost her equity in the prop-erty by reason of her own failure to perform the conditions of the mort-gage (*Joyner* v. *Lenox Sav. Bank,* 322 Mass. 46, 53 [1947]) rather than by reason of any act or omission of the defendant. Even if he had timely remitted to the city all the tax monies received from the plaintiff, her equity would ultimately have been wiped out by foreclosure of the city's lien for taxes under G. L. c. 60, § 37. Indeed, the plaintiff tells us in

her brief that the city foreclosed its lien in the Land Court some two years before the defendant foreclosed the mortgage.

*Judgment affirmed.*

*Norman F. Lazarus* for the plaintiff.

*Gerald McTernan,* Assistant Corporation Counsel, for the intervener.