CHARLES C. BARON *vs.* JOHN B. FITZPATRICK.

Suffolk. November 20, 1896. — January 11, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Exceptions — Notice of Filing — Statute — Repeal.*

The provision of St. 1895, c. 153, § 1, extending the time for filing exceptions alleged under Pub. Sts. c. 153, § 8, in civil cases, from three days to twenty days, does not repeal the requirement of the latter statute for giving notice to the adverse party of the filing, but extends correspondingly the time for giving such notice.

TORT, against a deputy sheriff, for an alleged trespass upon the plaintiff's premises. The case was submitted to the Superior Court upon agreed facts, in substance as follows.

The case was tried without a jury, before *Maynard,* J., who, on September 6, 1895, found for the plaintiff; and the defendant alleged exceptions.

.An extension of the time for filing a bill of exceptions was allowed by the judge, until October 1, 1895. On that day the defendant filed a bill of exceptions in the case. No notice of the filing of such bill of exceptions was ever given to the plaintiff or to his attorney.

On October 9, 1895, the plaintiff filed a motion that the bill of exceptions be dismissed, for the reason that notice of the filing thereof was not given to him or to his attorney in accordance with the statutes and the rules of the court.

The defendant admits that no notice of the filing of his bill of exceptions has been given to the plaintiff or to his attorney, but

contends that, by virtue of St. 1895, c. 153, it was not necessary to give such notice.

The plaintiff contends that St. 1895, c. 153, does not abrogate the requirements of Pub. Sts. c. 153, § 8, or of Rule 49 of the Superior Court, so far as concerns the giving of notice to the adverse party of the filing of bills of exceptions.

If the court is of opinion that, notwithstanding the enactment of St. 1895, c. 153, the provisions of Pub. Sts. c. 153, § 8, and of Rule 49 of the Superior Court, so far as regards the necessity or requirement for giving notice to the adverse party of the filing of a bill of exceptions, are still in force, the plaintiff's motion is to be allowed, and the defendant's exceptions are to be disallowed; otherwise, the plaintiff's motion is to be denied.

The Superior Court ruled in accordance with the plaintiff's contention, and allowed his motion; and the defendant appealed to this court.

*B. L. M. Tower*, (*T. H. Pearse* with him,) for the defendant.

*F. Paul*, for the plaintiff, submitted the case on a brief.

MORTON, J.   Section eight of Pub. Sts. c. 153, contains various provisions relating to exceptions in civil and criminal cases. Amongst other things, it provides to what exceptions may be taken, how they shall be preserved, when and with whom they shall be filed, that notice shall be given to the adverse party, and that they shall be presented to and allowed by the presiding justice.   According to this section, exceptions were to be filed, and notice given to the adverse party, before the final adjournment of the court at which they were taken, and " within three days after the verdict, . . . or after the opinion, ruling, direction, or judgment excepted to " was given.  *Foley* v. *Talbot*, 162 Mass. 462.   *Purcell* v. *Boston, Halifax, & Prince Edward Island Steamship Line*, 151 Mass. 158.   *Conway* v. *Callahan*, 121 Mass. 165.   St. 1895, c. 153, § 1, changes this by providing that parties alleging exceptions under Pub. Sts. c. 153, § 8, " shall, in criminal cases, file the same with the clerk within three days, and in civil cases within twenty days, after the verdict in the case, or after the opinion, ruling, direction, or judgment excepted to is given."   The defendant contends that this operates as a repeal of § 8, or at least of so much of it as requires notice to be given to the adverse party of the filing

of the exceptions, and that therefore the ruling of the presiding justice who held that such notice must be given was wrong. It is evident, we think, that St. 1895, c. 153, was not intended as a repeal of Pub. Sts. c. 153, § 8, and does not operate as such. By its terms it recognizes that section as continuing in force. So far as the St. of 1895 is plainly repugnant to and inconsistent with § 8, it necessarily operates as a repeal of it, but no further. The only matter with which the later statute deals is the time for filing exceptions, which is extended to twenty days in civil cases, with such further time as may be allowed by the court. This is repugnant to and therefore repeals as much of § 8 as provides that the exceptions shall be filed before the final adjournment of the court at which they were taken, " and within three days after the verdict," etc. The defendant insists that, if § 8 is allowed to stand, the result will be that notice that the exceptions have been filed must be given within three days after the ruling excepted to, when the exceptions themselves need not be filed for twenty days, which he well says would be absurd. But we do not think that the result which he insists upon will follow. The two statutes are to be construed together for the purpose of ascertaining the intention of the Legislature, and when ascertained that is to be carried out, if it can be done consistently with the rules of law. And we think that it is plain that, in extending the time for filing exceptions, the Legislature intended that the time for giving notice to the adverse party should be correspondingly extended also, not that no notice should be required, and that the St. of 1895 is to be regarded as in the nature of an amendment to and repeal of so much of § 8 as relates to the time of filing exceptions, and to matters connected therewith ; and we discover no difficulty in so treating and applying it.

The result is, that, the defendant not having given to the adverse party notice of the filing of his exceptions, they must be overruled, and it is so ordered.

*Exceptions overruled.*