FRANK HARRINGTON & others *vs.* JOHN C. TYKESON.

Suffolk.    January 14, 1903. — February 25, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.

Under Pub. Sts. c. 153, § 8, St. 1895, c. 153, § 1, notice of the filing of exceptions must be given to the adverse party within twenty days after the verdict.

CONTRACT against a surety on a bond to dissolve an attachment.    Writ dated December 31, 1900.

At the trial in the Superior Court before *Hopkins,* J., the jury returned a verdict for the plaintiffs on December 5, 1901. The defendant saved exceptions to rulings and refusals to rule by the judge.   On Saturday, December 21, the defendant's counsel examined the files in the clerk's office to get the requests for rulings and instructions to the jury which had been filed, but failed to find them, and on Monday, December 23, another search was made, and the defendant's counsel was informed by the clerk that *Hopkins,* J., on Friday, December 20, took the papers in the case with him to Millbury, and that probably the requests were with the papers taken by him.   The defendant's counsel thereupon requested the counsel for the plaintiffs to agree to an extension of time until the papers could be obtained from *Hopkins,* J.   This was refused, and thereupon notice was given by the defendant to the plaintiffs' counsel of a motion to be offered the next day, December 24, 1901, before *Fessenden,* J., asking for an extension of time.   The motion was opposed, and was denied.

Later the missing papers were returned to the files, and the defendant prepared a substitute bill of exceptions by way of amendment, on which the judge declined to take action.   The

defendant then presented his original bill of exceptions to *Fessenden,* J., who on October 15, 1902, disallowed it, stating his grounds as follows:

" Mr. Justice Hopkins, before whom the foregoing action was tried, failed by reason of death to sign or return the foregoing exceptions. The exceptions were brought before me October, 14th inst., for action. The plaintiffs, without admitting that the exceptions alleged were conformable to the truth, objected to an allowance thereof, alleging that notice of the filing of the same had not been given to them seasonably.

" After hearing the parties upon the question whether notice was given seasonably or whether notice was waived, I find and rule that no notice of the filing of the exceptions was given the plaintiffs before December 26, 1901, when a notice of such filing was sent by mail to the plaintiffs' counsel which reached them in due course of mail December 27, 1901, and I further find and rule that the plaintiffs did not waive due notice of the filing of the exceptions.

" I disallow the exceptions for the reason that due notice of the filing of the same was not given seasonably to the plaintiffs."

*H. J. Jaquith,* for the defendant.

*R. D. Weston-Smith & C. Walcott,* for the plaintiffs.

HAMMOND, J. The judge to whom the original bill of exceptions was presented disallowed the same upon the ground that no notice of the filing of the same was given to the plaintiffs within twenty days after the verdict, and that the plaintiffs had not waived due notice. We are of opinion that the evidence before him, as reported in the record before us, justified the finding, and that the exceptions were for that reason properly disallowed. Pub. Sts. c. 153, § 8. St. 1895, c. 153, § 1. *Baron* v. *Fitzpatrick,* 167 Mass. 417. *De Bang* v. *Scripture,* 168 Mass. 91.

*Exceptions overruled.*