WILLIAM HACK vs. ROBERT W. NASON & another, executors.

Suffolk.    December 6, 1905. — February 27, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Exceptions.

Under R. L. c. 173, § 106, as under previous statutes, a judge has no power to allow further time for filing exceptions on a motion made after the expiration of the twenty days prescribed for the filing.

CONTRACT.    Writ dated May 1, 1903.

In the Superior Court the case was tried on February 28, 1905, before *Lawton, J.,* who ordered a verdict for the defendants, and the plaintiff excepted.

The plaintiff did not file his exceptions with the clerk within twenty days after the verdict, and did not give any notice thereof to the adverse party within twenty days after the verdict was rendered; but thereafter, on March 27, 1905, the plaintiff filed in court a motion that the time within which his exceptions might be filed should be extended to include April 3, 1905, and with his motion filed an affidavit setting forth the reasons for the exceptions not being filed.    At the hearing on this motion the plaintiff argued that R. L. c. 173, § 106, with its omissions and alterations in the language of the former statutes gave power to the judge to extend the time after the period of twenty days following the verdict had expired.

The judge denied the motion, with the following memorandum: "If I have the power to extend the time of filing I should extend it, but I rule that I have not the power."    The plaintiff alleged exceptions to this ruling.

*W. B. Grant,* for the plaintiff.

*J. F. Cronan & F. Ranney,* for the defendants.

KNOWLTON, C. J.    The only question in this case is whether, under the R. L. c. 173, § 106, after the expiration of the twenty days prescribed by statute as the time within which exceptions may be filed and notice of the filing given to the adverse party, the judge has power to allow further time.    This has long been

settled in the negative, by a line of decisions under earlier statutes substantially the same as. this, except that the time allowed was shorter. *Commonwealth* v. *Greenlaw*, 119 Mass. 208. *Conway* v. *Callahan*, 121 Mass. 165. It has also been decided that the effect of the St. 1895, c. 153, § 1, was merely to extend the time within which exceptions may be filed and notice given, from three days to twenty days, and that, under this statute, after the expiration of the twenty days, the judge has no power to allow further time for the filing. *De Bang* v. *Scripture*, 168 Mass. 91. *Baron* v. *Fitzpatrick*, 167 Mass. 417. *Harrington* v. *Tykeson*, 182 Mass. 584. The adoption of this statute into the R. L. c. 173, § 106, preserves the identical words of the original, in reference to the. extension of the time, namely, "unless further time is allowed by the court." Moreover, in *Dolan* v. *Boott Cotton Mills*, 185 Mass. 576, 579, the court, referring to the latest revision in the Revised Laws, pointed out the difference between the provision in question and the somewhat similar provision in the statute and rule of court in reference to the time for claiming a trial by jury. See also *Dorr* v. *Schenck*, 187 Mass. 542.

We think it plain that the statute, as it appears in the Revised Laws, should receive the same construction, in this particular, that has been given it in the former decisions.

*Exceptions overruled.*