PATRICK HURLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 11, 1912. — November 27, 1912.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Rulings and instructions.

An exception, to the disallowance of a bill of exceptions on the ground that the exceptions were not taken within a reasonable time after the rulings excepted to were made, properly can be alleged in a separate bill of exceptions.

An adverse finding by a trial judge, who has heard a case without a jury, without

passing upon pertinent requests for rulings, is to be construed as a refusal of the rulings thus requested.

Exceptions to the refusal of requests for rulings involved in the finding of a trial judge, who heard the case without a jury, must be taken within a reasonable time after the filing of such decision. Eighteen days after notice of the filing of the decision is not a reasonable time.

RUGG, C. J. This case was tried before a judge of the Superior Court* sitting without a jury. On the last day of the trial the plaintiff presented requests for findings of fact and for rulings of law which were taken under advisement. At that time he saved no exceptions and expressed no oral or written desire to have exceptions saved for him in the event that the judge should refuse to give any or all of his requests. Four days later a finding for the defendant was filed, and notice thereof was sent at once to the plaintiff's attorney and was received by him on the following morning. No further action was taken until eighteen days later, when a bill of exceptions was filed. Some of the plaintiff's requests were given and others refused, but no ruling to this effect was filed with the finding. This bill of exceptions was disallowed because (according to the certificate of the judge) "no exception was claimed until the bill was filed and 18 days after plaintiff's counsel was notified of the decision in the case, and therefore said exceptions were not alleged within a reasonable time."

The plaintiff's exception to this ruling is to be decided. It is a proper subject for a bill of exceptions. *Purcell* v. *Boston, Halifax & Prince Edward Island Steamship Line,* 151 Mass. 158.

The plaintiff's original bill of exceptions was disallowed rightly. The difference between taking an exception and filing a bill of exceptions is plain. The saving of the exception is the substance. The bill of exceptions is the formal expression of that substance. It can recite only that which has been done. No rule of court or statute expressly defines the time within which exceptions must be taken to a ruling made in the absence of counsel in a trial without a jury. Therefore in such instances the exception must be taken within a reasonable time after the ruling.

A finding could not have been made until the requests had been passed upon. An adverse finding without specifically passing upon pertinent requests for rulings is to be construed as a denial

* *Crosby,* J.

of them. *John Hetherington & Sons Co.* v. *William Firth Co.* 210 Mass. 8.

The failure to take any action toward saving exceptions for eighteen days after notice of the decision was not saving exceptions within a reasonable time. This point is concluded by *Graves* v. *Hicks,* 194 Mass. 524, and *Richards* v. *Appley,* 187 Mass. 521.

*Exceptions overruled.*

The case was submitted on briefs.
*W. O. Childs,* for the plaintiff.
*A. E. Pinanski & G. E. Morris,* for the defendant.