JOSEPH F. COBB *vs.* CHICKATAWBUT CLUB.

Suffolk. January 11, 1915. — January 13, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Municipal Court of the City of Boston,* Report to Appellate Division. *Rules of Court.*

A request under St. 1912, c. 649, § 8, for a report of a ruling of a judge of the Municipal Court of the City of Boston for determination by the Appellate Division is not "filed with the clerk within two days after notice of the ruling," as required by the statute, if it is filed on the third day after the day on which the clerk of the court delivered such notice to the attorney for the requesting party.

Under a rule adopted by the judges of the Municipal Court of the City of Boston relating to the procedure in requesting a report of a ruling for determination by the Appellate Division under St. 1912, c. 649, § 8, which rule provides that within three days "after the cause is otherwise ripe for judgment . . . the party requesting the report shall file a draft thereof," where it is shown that the cause was "otherwise ripe for judgment" on a certain day, the right to a report to the Appellate Division is lost if the draft report was not filed within three days from that date.

PETITION, filed in the Municipal Court of the City of Boston on February 27, 1913, to vacate a judgment entered in that court

against the petitioner in an action of contract brought by the Chickatawbut Club, a corporation.

The petition was denied by *Burke,* J., and judgment was entered for the respondent on the petition. The petitioner appealed.

In the Superior Court the case was heard by *Hall,* J., without a jury. The petitioner contended that the judgment which he sought to vacate was entered erroneously because within the required time after notice of the ruling of the judge of the Municipal Court he had filed under St. 1912, c. 649, § 8, with the clerk of that court a request for a report of the case to the Appellate Division, but that his request for a report had been denied on the ground that it had been received by the clerk one day too late.

The facts that were shown at the hearing in the Superior Court are stated in the opinion. There also was put in evidence the following rule relating to the procedure under St. 1912, c. 649, § 8, which was adopted at a meeting of the judges of the Municipal Court of the City of Boston held on September 16, 1912:

"Rule B. Reports. Within three days after the cause is otherwise ripe for judgment, or sooner if the justice whose ruling is complained of so orders, the party requesting the report shall file a draft thereof, setting forth in clear and concise terms the rulings upon which he has requested and now asks a re-hearing by the Appellate Division, the stage of the case at which, and the manner in which the same arose, how the party seeking the report claims to be prejudiced by such rulings, and any other facts essential to a full understanding of the questions presented. A hearing shall be had thereon if any party files a written request therefor. The justice shall sign such report or such amended form thereof as may be necessary to conform to the facts, or disallow the same, in either case returning the report to the clerk with his action endorsed thereon. The clerk shall forthwith give notice to the parties and upon the allowance or establishment of any report, shall enter the cause upon the list of causes ready for hearing by the Appellate Division."

At the close of the evidence at the hearing in the Superior Court the petitioner asked the judge to make the following ruling:

"On all the evidence the petitioner is entitled to have the judgment vacated and execution superseded and have said action

brought forward on the docket of the court to be tried and disposed of as if said judgment had not been rendered."

The judge refused to make this ruling. He denied the petition and found for the respondent; and the petitioner alleged exceptions.

The case was submitted on briefs.

*J. F. O'Connell, J. E. O'Connell & D. T. O'Connell,* for the petitioner.

*A. I. Peckham,* for the respondent.

BY THE COURT. This is a petition to vacate a judgment entered in the Municipal Court of the City of Boston. A decisive question is whether the petitioner seasonably asked for a report by the trial judge of that court to its Appellate Division. It is required by St. 1912, c. 649, § 8, that a party aggrieved by any ruling on a matter of law may have the ruling reported as of right, but "The request for such a report shall be filed with the clerk within two days after notice of the ruling." The record of the case in the Municipal Court showed that the defendant, who is the petitioner to vacate the judgment, filed requests for rulings on December 24, 1912, and that on December 30 the judge found for the plaintiff, the respondent to the petition, and filed a memorandum of rulings, and that judgment was entered on January 3, 1913. The ruling of the trial judge must have been made not later than December 30, 1912. The only evidence as to the time when notice of this finding and ruling was given came from a clerk of the Municipal Court, who testified that he personally delivered such notice to the attorneys for the defendant on December 31, 1912. The request for a report was filed on January 3, 1913. Manifestly this request was not filed within two days after notice of the ruling.

A rule of the Municipal Court provided that within three days "after the cause is otherwise ripe for judgment . . . the party requesting the report shall file a draft thereof." An assistant clerk of the Municipal Court testified that this cause was "otherwise ripe for judgment" on December 30, 1912. This evidence is confirmed by the transcript of the record of the case. The draft report was not filed within three days from this date.

The petitioner fails on both grounds.

*Exceptions overruled.*