ANNIE E. O'NEILL, executrix, vs. JOHN E. O'NEILL & another.

Plymouth.    January 9, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Probate Court*, Appeal, Notice.   *Rules of Court.   Notice.*

Under the requirements of R. L. c. 162, § 11, Equity Rule 38 and Common Law
    Rule 30 of the Supreme Judicial Court, a party appealing from a decree of the
    Probate Court must give to the adverse party or his attorney a notice in writing
    of the entry of his appeal as soon after such entry as is reasonably practicable
    and, if such a notice is not given, the appeal may be dismissed.
A notice of an intention to take such an appeal or of the fact that an appeal has
    been perfected, which is given orally only, is not a compliance with the require-
    ments of the statute and rules.
A letter written by the attorney for the appellants to the attorney for the appellees
    several weeks after the entry of the appeal, which enclosed a copy "of motion in
    the matter of the appeal from" the decree "together with proposed issues
    for a jury," and stated that the original was held before filing, pending a reply,
    is not a compliance with the statutes and rules as to notice.
No power is given to the court by R. L. c. 162, § 11, to allow the giving of an
    original notice of an entry of an appeal from a decree of the Probate Court after
    the time for the giving of such original notice has expired.

APPEAL from a decree of the Probate Court for the county of
Plymouth allowing the will of Denis O'Neill, late of Abington.

After the entry of the appeal in the Supreme Judicial Court
the attorneys for the executrix marked the case for trial upon the
list for the next jury sitting and filed a motion to dismiss the
appeal on the ground that the appellants did not give the execu-
trix notice of the entry of the appeal as required by R. L. c. 162,
§ 11. The motion was heard by *Braley,* J. The material evi-
dence is described in the opinion. The single justice refused to
rule that as matter of law sufficient notice of the entry of the appeal
had been given, or to order further notice, if sufficient notice had
not been given, and ordered a decree dismissing the appeal. The
appellants alleged exceptions.

The case was submitted on briefs.

*J. E. Kelley & D. Flower,* for the appellants.

*W. J. Coughlan & D. R. Coughlan,* for the appellee.

RUGG, C. J.　The Probate Court of Plymouth County entered a decree on December 11, 1916, allowing the will of Denis O'Neill, from which his heirs at law claimed an appeal.　Written notice of the appeal was filed seasonably in the Registry of Probate, the appeal was duly entered in the Supreme Judicial Court for the county on December 26, 1916, and a statement of objections was filed, all as required by R. L. c. 162, §§ 9 and 10.　There was evidence that the heirs at law announced their intention to appeal at the hearing in the Probate Court.　The proponent of the will testified that sometime after January 18, 1917, she was told by one of her attorneys that the appeal had been entered.　Under date of January 18, 1917, the attorney for the heirs at law wrote the attorney for the proponent of the will enclosing "copy of motion in the matter of the appeal from allowance of will of the late Denis O'Neill, together with proposed issues for a jury," and stating that the original was held before filing pending a reply.　Both the proponent of the will and her attorney testified that no notice of the entry of the appeal had been received.　There was no evidence that any written notice had been sent other than the letter of January 18, 1917.

The single justice refused to rule as matter of law that sufficient notice had been given, and to order further notice if sufficient notice had not been given, and granted a motion to dismiss the appeal.　The exceptions of the heirs at law bring the case here.

It is provided by R. L. c. 162, § 11, that in a case like the present "Notice of the entry of the appeal shall be given to all parties adversely interested who shall have entered appearances in the Probate Court, and it may be served in the manner provided by the rules of court for the service of notices; but the court may order further notice to be given."　Although the practice in probate appeals follows that in equity, it is provided by Equity Rule 38 that the rules of court as to practice at common law govern the giving of notice.　It is provided by Rule 30 of the Common Law Rules of the Supreme Judicial Court that "all notices . . . shall be in writing" and served personally or by mail.

It is necessary under the statute that there be "notice of the entry of the appeal."　That notice by reference to the rule of court must be in writing.　The statute and rule together mean that

upon the entry of the appeal written notice must be given to the adverse parties. Oral notice of intention to appeal or of the fact that the appeal has been perfected is not enough, standing alone. *Chertok* v. *Dix*, 222 Mass. 226. The appellee must enter his appearance within thirty days after the entering of the appeal. Equity Rule 40. This implies that the notice to the adverse parties must be substantially contemporaneous with the entry of the appeal, that is, as soon thereafter as is reasonably practicable. This is the fair import of the decision in *Bartlett* v. *Slater*, 183 Mass. 152, where the history of the statute and rule is reviewed.

No such notice was given. The requirement of notice is jurisdictional unless it is waived. *Daley* v. *Francis*, 153 Mass. 8. It is not a compliance with this essential prerequisite touching notice to correspond weeks after the entry of the appeal concerning a matter which would be meaningless if no appeal had been entered.

Power is conferred by the statute upon the court to order "further notice" only after a timely original notice has been served. But no power is conferred to allow the giving of an original notice after the time for giving it has expired. *Hack* v. *Nason*, 190 Mass. 346. The case is in this respect quite different from *Whitney* v. *Hunt-Spiller Manuf. Corp.* 218 Mass. 318. Ample relief may be afforded in proper cases by application to the court under R. L. c. 162, § 13, which gives broad power where required by justice to deal with instances where substantial or formal requisites in the prosecution of appeals have been omitted. *Capen* v. *Skinner*, 139 Mass. 190.

The question of waiver and compliance by the appellee with Rule V of the common law rules does not appear to have been raised before the single justice. If they were, they involved to a large extent questions of fact which must be taken by the general finding of the single justice to have been decided adversely to the heirs at law.

There is nothing to indicate that the appellee appeared generally or did anything more than to file the motion to dismiss.

Since no such notice of the entry of the appeal as is required by law was given, there was no error in granting the motion to dismiss the appeal which was directed to the jurisdiction of the court.

*Exceptions overruled.*