COMMISSIONER OF BANKS *in re* COSMOPOLITAN TRUST
COMPANY.

Suffolk.   March 7, 1924. — May 21, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Trust Company*, Liquidation: petition by commissioner for authority to
compromise claim against director, stockholder and debtor.  *Equity
Pleading and Practice*, Finding by single justice.  *Joint Tortfeasor.*

Petitions by the commissioner of banks in possession of the property and
business of a trust company for leave to compromise claims against
certain directors of the bank, based on their statutory liability as
stockholders, their liability as directors for maladministration, and
their liability as debtors on certain notes, the proposed compromise
to be by the acceptance of sums less than the amount of the claims and
the giving to the directors of covenants not to sue, were heard by a
single justice, who found as to one of the petitions, in substance that
the total assets of the director therein named did not exceed the amount
offered in compromise; and, as to the other petition, that the director
therein named had available property in excess of the amount offered
by him in compromise, with no finding as to the amount of such excess,
that he was a man " well along in years, and should he die pending the
final determination of the several suits long further delays in the matter
of obtaining decrees and judgments are likely to occur, and the dif-
ficulties of collection of such decrees and judgments when entered will
be correspondingly increased."  It also was found that payments on
the terms proposed would be to the advantage of the trust company
on the ground, among others, that the amounts likely to be collected
at the end of protracted and expensive litigation were uncertain and
conjectural.  The single justice stated his opinion to be that the
petitions ought to be granted and decrees entered as prayed for, and
reported the cases for determination by the full court.  No evidence
was reported.  *Held*, that
    (1) The order that the petitions ought to be granted imported a
finding of all subsidiary facts necessary to warrant decrees made ac-
cording thereto;
    (2) The question presented by the report was, whether these orders
for decrees could have been entered on the allegations of the bill and
the facts found;
    (3) If any one of the directors, made defendant in the suit against
them, preferred to buy his peace upon terms which a justice of this
court found just and reasonable from the point of view of the depositors
in the trust company, there was nothing in his legal relation to the
other defendants which enabled them to interpose an effective objection;

(4) The single justice had power under G. L. c. 167, § 24, to order the decrees for the petitioner;

(5) Decrees were ordered granting the petitions.

PROCEEDINGS in the Supreme Judicial Court by the commissioner of banks in possession of the property and business of the Cosmopolitan Trust Company. On January 21, 1924, the commissioner of banks filed two petitions, described in the opinion, for leave to accept certain sums in compromise of claims against Patrick F. O'Keefe and Patrick B. Magrane, respectively, and to deliver to them covenants not to sue. The petitions were opposed by Edward C. Donnelly, by Simon Vorenberg, by Max Mitchell, and by Benjamin A. Prager, codefendants with O'Keefe and Magrane in the suit in equity described in 242 Mass. 95.

The petitions were heard by *Braley,* J. Material facts found by the single justice are described in the opinion. He ruled that the petitions should be granted and that the decrees prayed for should be entered and, at the request of those opposing the petitions, reported them for determination by the full court under G. L. c. 214, § 30.

*F. N. Nay,* (*G. L. Vaughan* with him,) for the petitioner.

*J. W. Sullivan & B. B. Jones,* for Patrick B. Magrane.

*F. M. Carroll,* for Patrick F. O'Keefe.

*J. M. Maloney,* for Edward C. Donnelly.

*S. L. Whipple,* (*A. M. Beale* with him,) for Simon Vorenberg.

RUGG, C. J. These are two petitions in equity by the commissioner of banks in possession of Cosmopolitan Trust Company. The petition with respect to O'Keefe sets out (1) the pendency against him and numerous other defendants of a suit wherein the commissioner of banks seeks to hold the defendants for a large amount on allegations that the defendants are liable for losses to the trust company, being the suit reported in some of its aspects in *Cosmopolitan Trust Co.* v. *Mitchell,* 242 Mass. 95; (2) the pendency of a suit against O'Keefe to enforce his liability as the holder of fifty shares of capital stock in the trust company; and (3) a claim against O'Keefe on a note for $370,000; that all these claims are disputed by O'Keefe; that O'Keefe has offered

in substance that, if the equity suits shall be dismissed as against him without prejudice and the note cancelled and delivered up, and the petitioner shall execute and deliver suitable covenants not to sue or pursue O'Keefe further in respect to those or other claims, O'Keefe will pay forthwith to the petitioner in return therefor sums aggregating $30,000. There is an affidavit of O'Keefe that his total assets do not exceed $30,000, and affidavits by the commissioner of banks, by his liquidating agent in charge of Cosmopolitan Trust Company, and by his attorney, that a settlement on the terms proposed will be to the advantage of Cosmopolitan Trust Company on the ground among others that the amounts likely to be collected at the end of protracted and expensive litigation are uncertain and conjectural.

The petition with respect to Magrane sets out that he is one of the defendants in the suit described in 242 Mass. 95; that suit is pending against him to enforce his liability as the holder of one hundred shares of the capital stock of the trust company, and that there is an action pending against him to collect a note for $10,500 with interest; that Magrane disputes liability on all these claims and has offered to pay to the commissioner sums aggregating $150,000 upon the same general conditions as to covenants not to sue and surrender of note as are alleged in the O'Keefe petition. There are similar affidavits as to the advantage to the trust company of a settlement upon these terms, but there is no affidavit that the amount offered is all the debtor possesses.

The statements of fact in each petition have been found to be true by the single justice. There is also a finding that Magrane is a man " well along in years, and should he die pending the final determination of the several suits long further delays in the matter of obtaining decrees and judgments are likely to occur, and the difficulties of collection of such decrees and judgments when entered will be correspondingly increased." It further is found that Magrane has available property in excess of $150,000 but there is no finding as to the amount of such excess.

The single justice was of opinion that the petitions ought to be granted and decrees entered authorizing and empower-

ing the commissioner of banks, upon payment to him of the several sums, to take all necessary steps to cause the equity suits to be dismissed without prejudice against these two defendants, to execute the covenants not to sue and to deliver up the notes.

No direct parties to this suit object to the allowance of the petition. Four codefendants in the suit reported in 242 Mass. 95, appeared in opposition before the single justice and at their request the cases were reported.

The findings of fact made by the single justice must be accepted as true. No evidence is reported. The order that the petitions ought to be granted imports a finding of all subsidiary facts necessary to warrant the decrees. If any evidence could have been introduced which in law would support the conclusion reached, it must be presumed that there was such evidence and that the orders for decrees rest upon it. The only question is, whether these orders for decrees could have been entered on the allegations of the bill and the facts found. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Hale* v. *Blanchard*, 242 Mass. 262, 264. *Nelson* v. *Wentworth*, 243 Mass. 377, 378.

The claims of the commissioner of banks, so far as they relate to collection of notes and the enforcement of stockholders' liability, are of no interest to the opponents of the orders for decrees. The issue is confined wholly to the suit to enforce liability of directors of the trust company for breaches of duty as directors in the many particulars wherein they are alleged in the bill in 242 Mass. 95, to have violated that duty.

It is manifest from the discussion in 242 Mass. 95, that the extent of the liability of the several directors for malfeasance, or nonfeasance, must ultimately be established upon the conduct of each director as revealed by the facts to be ascertained upon a trial. The allegations of the bill in that suit show loans by the trust company by authority of the directors to individual borrowers in excess of the statutory limit, loans made while the reserves were less than the statutory requirement, loans from the savings department in violation of law, loans to persons without credit or business

reputation, and loans otherwise in violation of settled principles of banking. There are further allegations of reckless and negligent conduct in the management of the affairs of the trust company and of liability arising from violation of the fiduciary duty owed to the trust company by the defendants as directors. There is nothing in the nature of the liability of the defendants in the suit referred to in 242 Mass. 95, or in the character of the relationship between the several directors which prevents the entry of decrees for the petitioner in these cases. If any one of the directors, made defendant in that suit, prefers to buy his peace upon terms which a justice of this court finds just and reasonable, from the point of view of the depositors in the trust company, there is nothing in his legal relation to the other defendants which enables them to interpose an effective objection. As has been said in numerous decisions, the object of our law as to closed trust companies is to reach a distribution of the assets among the creditors as soon as is reasonably practicable. No one or all of the defendant directors, who prefer to litigate the claims of this nature against them, can compel those, who desire to adjust upon terms found to be advantageous to the public interest the claims against them, to remain parties to the litigation merely in order to make them contribute to the expenses thereof. The case at bar is distinguishable from *Nickerson* v. *Wheeler*, 118 Mass. 295, where the liability imposed on directors was strictly statutory and of a nature permitting enforcement of contribution from his fellow directors by one compelled to pay.

The single justice had power under G. L. c. 167, § 24, to order the decrees for the petitioner. His opinion in each case that the petitions should be granted and decrees entered as prayed for was right.

*Decrees accordingly.*