MASSACHUSETTS DRUG COMPANY *vs.* A. P. BENCKS.

Norfolk.   March 2, 1926. — June 29, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*District Court,* Report to Appellate Division, Rule 29 of the District Courts.
   *Practice, Civil,* Report from District Court to Appellate Division.
   *Rules of Court.*

Rule 29 of the District Courts (1922) is within the authority conferred by
   G. L. c. 218, § 43; St. 1922, c. 532, § 9, and is not unreasonable.
Under Rule 29 of the District Courts (1922) there can be no extension of
   the time allowed by the rule within which a draft report by the trial
   judge to the Appellate Division shall be filed; and a report based on a
   draft filed after that time, although within a time purported to be
   extended by a stipulation of the parties and an order of a trial judge,
   must be dismissed.

TORT.   Writ in the Municipal Court of Brookline, dated
March 3, 1923.

The trial judge found for the defendant and reported the
action to the Appellate Division for the Southern District,
who, in the circumstances described in the opinion, ordered
the report dismissed.   The plaintiff appealed.

The rule referred to in the opinion is Rule 29 of the District
Courts (1922).

*E. A. McLaughlin, Jr.,* (*N. Thayer, Jr.,* with him,) for
the plaintiff.

*W. L. Collins,* for the defendant.

Rugg, C.J.   This action was tried in a district court. A finding in favor of the defendant was made on January 6, 1925.   Request seasonably was made by the plaintiff for a report to the Appellate Division.   Several agreements that time for filing draft report might be extended were filed and time was extended by order of court until, in accordance therewith, draft report was filed on April 22, 1925, and later report was made by the trial judge.   The report was dismissed by the Appellate Division on the ground that the rule of the District Courts concerning reports had not been followed.

Authority is conferred by G. L. c. 218, § 43, as amended by St. 1922, c. 532, § 9, upon the judges of the district courts to "make and promulgate uniform rules regulating . . . the preparation and submission of reports . . ." among other matters.   Pursuant to that authority, a rule was promulgated to the effect that the "party requesting a report shall file a draft thereof within five days after notice of the finding . . . [with exceptions not here material] . . . , otherwise within five days after the cause becomes ripe for judgment."

The rule is within the scope of the power conferred by the statute.   The fixing of the time for filing draft reports is a regulation of the preparation and submission of reports.

The rule is plain in its terms.   The requirement that the draft report shall be filed within the five day period is peremptory.   No provision is made for extension of that time either by agreement of parties or approval of the court or by both.

Such a rule cannot be pronounced unreasonable.   It affords as much or almost as much time as was permitted of right under some statutes.   G. L. c. 278, § 31.   Gen. Sts. c. 115, § 7.   Rev. Sts. c. 138, § 11.   The judges of the district courts in framing rules were not required to follow the rules of other courts which allow more time.   It may be that the rule in question is more salutary, at least under conditions prevailing in district courts.

It is not and could not be rightly contended that there was compliance with the rule in the case at bar.   It follows that the report was not properly allowed and the action of the Appellate Division in dismissing it was right.   *Cobb* v.

*Chickatawbut Club*, 220 Mass. 146.  *Chertok* v. *Dix*, 222 Mass. 226.  See *Riley* v. *Brusendorff*, 226 Mass. 310, and *O'Neill* v. *O'Neill*, 229 Mass. 508.

*Order dismissing report affirmed.*