John J. Sullivan *vs.* Charles J. Roche.

Suffolk.   January 26, 1926. — October 13, 1926.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Sanderson, JJ.

*Equity Pleading and Practice,* Findings by judge, Exceptions, Decree, Appeal.

At the hearing of a suit in equity by a judge in the Superior Court, the evidence was not taken under Equity Rule 35 (1905), G. L. c. 214, § 24, and the defendant made requests for rulings of law. The judge filed a paper, entitled "Findings," to the effect that the plaintiff was entitled to the relief sought, without specifically passing upon the defendant's requests, and two days later the defendant filed an appeal from the "findings." The next day the defendant filed a claim of exceptions on the ground of a refusal by the judge to grant his request for rulings and later, on the same day, a "final decree" was entered from which the defendant appealed within five days. No bill of exceptions ever was

filed.  Twenty-seven days later the plaintiff moved that the defendant's appeal be dismissed for want of prosecution.  At the hearing of the motion, the judge found that the order for printing the record was given by the defendant one month after the appeal from the "final decree." No facts were found warranting that delay and the judge, ruling that the appeal had not been entered "forthwith" as required by G. L. c. 214, § 19, entered an order allowing the motion to dismiss, from which the defendant appealed.  *Held*, that

(1) The appeal by the defendant from the "findings" by the trial judge was nugatory;

(2) The ruling of the judge in his "findings," to the effect that the plaintiff was entitled to the relief prayed for, was in substance and effect a denial of the requests for rulings although they were not specifically passed upon;

(3) There being no special facts showing the contrary, the claim of exceptions within three days after the filing of the finding and ruling by the judge was made within a reasonable time;

(4) The seasonable filing of the claim of exceptions in the circumstances deprived the court of power to enter a final decree until that claim of exceptions was in some way disposed of: the "final decree" must be treated merely as an order for a decree;

(5) The right to file exceptions "previously claimed" expired twenty days from receipt of notice of the refusal to grant the rulings in the circumstances and must have expired before the motion to dismiss the appeal for want of prosecution was filed;

(6) There having been no "final decree" within the provisions of G. L. c. 214, § 19, the ruling by the judge, that the appeal must be dismissed because it was an appeal from a final decree and was not entered as required by that statute, must be reversed;

(7) The propriety of the order for a decree properly was before this court.

In the negotiations relating to a sale of land, the owner made material misrepresentations to the prospective purchaser upon which the purchaser relied in signing an agreement to purchase.  The agreement contained a clause, "No representation, agreement or promise has been made except as herein stated."  No fraud was perpetrated upon the purchaser by the owner as to the contents or meaning of the agreement in writing or as to its execution.  *Held*, that, because of the quoted provision of the contract, a suit in equity could not be maintained by the purchaser against the owner to set the contract aside because of the fraud in the negotiations as to the sale.

BILL IN EQUITY, filed in the Superior Court on April 14, 1925, to set aside a contract by reason of alleged fraud of the defendant.

Proceedings in the Superior Court and facts there appearing are described in the opinion.  The defendant appealed from "Findings" by *Morton*, J., from a "final decree" for

the plaintiff entered by order of *Morton*, J., and from a decree, entered by order of *Hammond*, J., dismissing the defendant's appeals for failure to enter them in this court "forthwith."

J. J. *Enright*, for the defendant, submitted a brief.

J. H. *Coakley*, for the plaintiff.

RUGG, C.J. This is a suit in equity. Its aim is to set aside a bilateral contract, by the plaintiff to buy and by the defendant to sell, real estate on the ground that its execution by the plaintiff was procured by the fraud of the defendant, and for incidental relief. The case was heard on its merits on May 13, 1925. On May 18, 1925, the trial judge filed a paper entitled "Findings," which contained his findings of material facts and a ruling that on those facts the plaintiff was entitled to relief. The defendant filed an appeal from these "findings" on May 20, 1925. Several requests by the defendant for rulings of law are printed in the record just before the "findings" and are duly attested by the clerk, and it has not been suggested that they were not seasonably presented. The defendant filed on May 21, 1925, a claim of exceptions on the ground of the refusal by the trial judge to grant these rulings. A "final decree" was entered on May 21, 1925. From that decree an appeal was filed by the defendant on May 26, 1925. On June 22, 1925, the plaintiff moved that the defendant's appeal be dismissed for want of prosecution. On this motion the judge found that the order for printing first was given and the necessary deposit made on June 26, 1925, one month after the appeal from the final decree. No facts are found warranting that delay. The judge ruled on the authority of *Griffin* v. *Griffin*, 222 Mass. 218, *Loonie* v. *Wilson*, 233 Mass. 420, and *Robinson* v. *Donaldson*, 251 Mass. 334, that the appeal had not been entered "forthwith" as required by G. L. c. 214, § 19, and ordered that the motion to dismiss the appeal be allowed. From this order the defendant appealed.

The rights of the parties must be determined on this somewhat complicated record.

The claim of appeal from the "findings" made by the judge, so far as it consisted in a finding of facts, was of no effect. There is no report of the evidence. There is no

right of appeal from findings of facts when no evidence is reported. No question of law is presented by such an appeal. It is nugatory according to settled equity practice. Whether such findings are within the scope of the bill and warrant affirmative relief may be open on an appeal from a final decree. *First Baptist Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189. *Armstrong* v. *Orler,* 220 Mass. 112. *Hale* v. *Blanchard,* 242 Mass. 262, 264. *Commissioner of Banks in re Cosmopolitan Trust Co.* 249 Mass. 144, 147.

The requests for rulings presented pertinent questions of law vital to the decision of the case. The ruling of the judge in his "findings," to the effect that the plaintiff was entitled to the relief prayed for, was in substance and effect a denial of the requests for rulings although they were not specifically passed upon. The facts found did not render them inapplicable. They raised pertinent questions of law under the facts found. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17, 18.

The claim of exceptions within three days after the filing of the finding and ruling of the judge, which was in effect a denial of the requests for rulings of law, was made within a reasonable time in the absence of special facts showing the contrary. *Simmons* v. *Poole,* 227 Mass. 29, 33. *Hurley* v. *Boston Elevated Railway,* 213 Mass. 192. See Common Law Rule 45 of the Superior Court (1923).

It was open to the defendant to take and prosecute exceptions to the refusal to give these rulings, although it is much the preferable method to bring to the full court questions of law arising in equity by appeal. G. L. c. 231, § 113. *McCusker* v. *Geiger,* 195 Mass. 46, 52. *Zeo* v. *Loomis,* 246 Mass. 366, 369.

The seasonable filing of the claim of exceptions in these circumstances deprived the court of power to enter a final decree until that claim of exceptions was in some way disposed of. The decree entered by the court, although in form final, must be treated simply as an order for a final decree in those terms. *Welsh, petitioner,* 175 Mass. 68. *Tyndale* v. *Stanwood,* 186 Mass. 59. *Sasserno* v. *Sasserno,* 240 Mass. 583. The change in practice wrought by St. 1926,

c. 177, approved on March 31, 1926, is of no avail in these circumstances. It follows that the defendant's appeal from that decree was not an appeal from a final decree.

The claim of exceptions was the foundation of a right to file a bill of exceptions within the time required by law. If a bill of exceptions in due form is not filed within the time prescribed by law, the taking of the exceptions confers no rights. The case stands then as if no exceptions had been taken. G. L. c. 231, § 113. *Hack* v. *Nason*, 190 Mass. 346. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148, 152. *Lawrence* v. *Board of Registration in Medicine*, 239 Mass. 424, 427. An examination of the docket entries shows that no bill of exceptions has ever been filed. It is plain, therefore, that the rights of the defendant under his claim of exceptions were gone on the expiration of twenty days from the date of receipt of notice of the rulings to which exception was taken. While that date does not appear exactly on this record, it plainly was not later than the filing of the claim of exceptions on May 21, 1925. The right to file exceptions, therefore, had gone before the motion to dismiss the appeal for want of prosecution was filed.

It need not be determined whether there was ground for a finding that the claim of exceptions had been waived by the defendant. The judge who dismissed the appeal from the so called final decree for want of prosecution makes no finding on that point but proceeds on the theory that the final decree was entered on May 21, 1925. As already pointed out, that was not a final decree but simply an order for a decree. At most, the appeal was from that order for a final decree. It could not rightly have been dismissed for want of prosecution on the grounds stated in the findings and rulings of the judge on the motion to dismiss. *Hutchins* v. *Nickerson*, 212 Mass. 118, 120. G. L. c. 214, §§ 19, 26. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123, 125.

The order for a final decree was an order decisive of the case founded upon matter of law apparent on the record. That is to say, the order was founded on the ruling of law that the plaintiff was entitled to relief on the facts found and on the allegations of the bill. G. L. c. 231, § 96. *Samuel* v.

*Page-Storms Drop Forge Co.* 243 Mass. 133.   It is manifest that that whole question at issue between the parties may be determined on this record.  G. L. c. 231, § 124.

The trial judge found as the result of the hearing on the merits that the plaintiff was told that the rent of the suites in the house was greater than it actually was, and that the plaintiff was led to believe, from what was said to him or his wife by the defendant, or by what was concealed from him, that the condition of one suite was substantially as good as that of the other, whereas it was much worse, and that the plaintiff relied upon these representations.   Apart from the terms of the written agreement, it is plain that these representations were material and warrant a setting aside of the contract. *Weeks* v. *Currier*, 172 Mass. 53.   The parties, however, entered into a formal agreement in writing.   It covers numerous points.   On its face it appears to be complete.   One of its clauses was that "No representation, agreement or promise has been made except as herein stated."   Those words are explicit.   Their signification is plain.   They mean that the parties have chosen to stipulate each with the other that the writing contains every element of "representation, agreement or promise" entering into the contract as finally made.   No principle of law prevents competent parties acting freely from making such a contract.   It will be enforceable if it plainly appears that their intention has been embodied in the writing and the requirements of proof as to its validity have been met.   *Reinherz* v. *American Piano Co.* 254 Mass. 411.   There is no finding that there was any fraud practised by the defendant upon the plaintiff as to the contents or meaning of the writing or as to its execution.   For aught that appears, the plaintiff read or had opportunity to read it and to exercise his own untrammeled judgment whether to sign it, or not.   The only misrepresentation as found related to matters antecedent to the making of the written agreement.   They did not enter into the substance of the written agreement.   The case at bar is governed by *O'Meara* v. *Smyth*, 243 Mass. 188, *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170, *Boston Consolidated Gas Co.* v. *Folsom*, 237 Mass. 565, and *Boss* v. *Greater Boston Mortgage*

*Corp.* 251 Mass. 455. It is distinguishable from *Butler* v. *Prussian,* 252 Mass. 265, and cases there collected, and *S. Pearson & Son, Ltd.* v. *Dublin Corp.* [1907] A. C. 351.

*Order for final decree reversed.*