BURNETT & SHERMAN, INC. *vs.* EDWARD M. CONROY.

Norfolk.   November 17, 1926.— May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract*, Implied.

Where, at the trial of an action of contract upon an account annexed for labor and material furnished in the repair of an automobile for the defendant, it appeared that the repairs were made in a good and workmanlike manner in accordance with a contract with the defendant and that the price was fair, the mere fact, that while the repairs were in process, a fire which further damaged the automobile occurred in the plaintiff's place of business due to negligence of his employees, will not bar recovery by the plaintiff, although the defendant did not learn of

the fire until two months after he received the automobile from the plaintiff, if it further appears that the damage from the fire was fully repaired without expense to the defendant.

CONTRACT upon an account annexed. Writ in the Municipal Court of Brookline dated September 19, 1924.

Material evidence at the trial in the Municipal Court is stated in the opinion. The judge found for the plaintiff in the sum of $260.69 and reported the action to the Appellate Division for the Southern District, who ordered the report dismissed. The defendant appealed.

*E. M. Shanley,* for the defendant, submitted a brief.

*R. R. Sullivan,* for the plaintiff.

RUGG, C.J. This is an action of contract to recover upon an account annexed for labor and materials alleged to have been furnished by the plaintiff on the order of the defendant in the repair of an automobile owned by the latter. The defendant in his answer pleaded general denial, payment, and accord and satisfaction.

The material findings of fact were in effect that the automobile was damaged by fire occurring on a public way and was taken to the plaintiff for repairs. The plaintiff and defendant contracted together that the plaintiff should make the necessary and stipulated repairs and that the defendant would pay therefor. While the automobile was in the shop of the plaintiff and practically dismantled, a second fire occurred for which the employees of the plaintiff were responsible, whereby the automobile was further damaged. Additional repairs thereby became necessary, which were made by the plaintiff without expense to the defendant, a charge made therefor being later withdrawn and not contended for in this action. That which is sought to be recovered in the present action was found by the trial judge to be the fair price for the labor and material required to repair the damage done by the first fire alone. It also has been found that the repairs were made in a good and workmanlike manner. The automobile was taken by the defendant out of the repair shop in the latter part of March, although there was evidence tending to show that he first learned of the second fire in the following May.

At the conclusion of the evidence, the defendant filed a motion "in terms that judgment be entered for the defendant on the pleadings and the evidence." The report states that this motion was denied and "entertained only for that purpose."

No reason is disclosed on this record why the plaintiff should not recover. The requests for findings of fact made by the defendant present no question of law. The requests for rulings of law were denied rightly, either as not applicable to the facts found, not pertinent to the evidence, not relevant to the issues raised by the pleadings, or unsound in law.

The defendant has argued that the plaintiff cannot recover because it gave him no notice of the second fire. The damage thereby caused to the automobile was wholly repaired by the plaintiff without expense to the defendant. It does not appear that the defendant suffered any wrong or damage thereby.

The defendant's exceptions to evidence are waived rightly. It is not necessary to decide whether they were rightly reported under the rules of the district courts. See *Cobb* v. *Chickatawbut Club*, 220 Mass. 146.

It has been argued that the defendant did not comply with the rules in presenting his case to the Appellate Division. That point is not considered because there is no merit in the defendant's appeal.

*Order dismissing report affirmed.*