Bolster, C. J.
There is a preliminary question here, something of which, if it touches jurisdiction, this division must itself take notice, Eaton v. Eaton, 233 Mass. 351, 364, Jordan v. Ulmer, 237 Mass. 577, and the want of which cannot be cured by any consent, much less by waiver through failure to raise the point. Bearce v. Bowker, 115 Mass. 129. Bergeron v. Bergeron, 287 Mass. 524, 526.
The docket entries show that a finding was made for the plaintiff on January 10, 1936. On January 13, the defendant filed, and the judge allowed, a motion to extend through J anuary 27, the time for filing its request for a report and its draft report. On J anuary 27, the draft report was filed, and on February 17, the judge reported his “rulings and refusals to rule”.
While the judge had power, under rule 29, as amended June 24, 1935, to extend the time for filing a draft report, merely as such, he had no power to extend the fixed statutory time for filing a claim of report. In the original statute of 1912 (Ch. 649, § 8), in the extending statute of 1922 (Ch. 532, §8), in Stat. 1931, Ch. 426, §116, nf Gen. Laws (Ter. Ed.), Ch. 231, .§.108, and in Stat. 1933, Ch. 255, fixed time is set for the filing of a claim of report. Under the latest ¡statute it is plain that while a draft report may serve as a request for report, it can only do so when filed within the time there fixed.
The reason for the power to extend time contained in the rule is plain enough. In a long and complicated case,, such as are coming to this court in increasing numbers, the former fixed time limit for filing a draft report was often found inadequate. Inasmuch as the draft report, not. some later improvement upon it, must sérve as the basis *148 of a petition to establish, if found necessary, the rule gives power to extend time in an appropriate case. No such power of extension is needed as to the claim of report. All that the rule requires is an identification of specific legal error, as to which review is asked. There is no need of extended time for that. But if it were needed that would not expand the statute.
The steps required by the statutes cited are not mere form. In a system of courts having no official stenographers, it is necessary that notice be promptly given if review is to be sought, Mass. Drug Co. v. Bencks, 256 Mass. 535, and that the assignments of error be fixed with definiteness. Rollins v. Perry, 284 Mass. 488.
There is a wide distinction between an absolute and unqualified statutory mandate as to what must be done, and when it must be done, to start a proceeding for review and other steps in the process, like the giving of notice, which are for the benefit of the adverse party and may be waived by him. Conway v. Murphy, 287 Mass. 536. cf. Chertok v. Dix, 222 Mass. 226. O’Neill v. O’Neill, 229 Mass. 508. Failure seasonably to take the prescribed first step is just as fatal under the decisions as a failure to claim an exception at the trial, which no allowance of a bill of exceptions can cure. Herrick v. Waitt, 224 Mass. 415. Riley v. Brusendorff, 226 Mass. 310. cf. Hurley v. Boston El. Ry. Co., 213 Mass. 192. Rosenbush v. Westchester Fire Ins. Co., 227 Mass. 41. Graustein v. H. P. Hood Co., 1936 A. S. 319, 323.
The upshot of the matter is that in our opinion the defect under the decisions goes to the jurisdiction. How that conclusion can be harmonized with the suggestion in Noyes v. Noyes, 224 Mass. 125, 134, cf. Anderson v. Beacon Oil Co., 281 Mass. 108,110, Carangias v. Market Men’s Relief Assn., 1936 A. S. 263, is hardly our problem.
*149 The situation is not helped by Stat. 1931, Oh. 325, a statute as to which there appears to be some confusion, due in large part to an habitual looseness of expression in reporter’s notes of cases, saying that a “case” was reported, when nothing but a ruling was reported. See also, Cutter v. Arlington Construction Co., 268 Mass. 88, 90. Under the earlier statutes, it has been held here repeatedly that there was no such thing as a report of “a case”, but only of particular rulings of law made or refused. cf. Reid v. Doherty, 273 Mass. 388. Duggan v. Matthew Cummings Co., 277 Mass. 445.
On the other hand, there is under the statute of 1931 a discretionary power, which we have held persists till judgwithin a restricted field to report ‘ ‘ a case ’ ’. Whether a report is of one sort or the other is determined by the report itself. If the judge reports a “ruling”, as he did in Krock v. Cons. Mines & Power Co., 286 Mass. 177, he is not reporting “a case”. If he reports “a case”, as was done in terms in East Hampton Bank & Trust Co. v. Collins, 287 Mass. 218, and La Caisse &c Union v. Cross, 1936 A. S. 201, then he is reporting under the statute of 1931, for nowhere else is he given power to take such action, and a primary question is whether that statute empowers him to report the kind of a “ease” which he has assumed to .report. There is no occasion for any court of review to speculate as to the source of authority for the report, for the report itself settles that question.
• It is important to keep the distinction stated un-blurred, because the statute of 1931, which followed the recommendation in the seventh report of the Judicial Oouncil, embraces only a restricted class of cases. In that respect it differs from the ordinary practice under (Ten. Laws (Ter. Ed.), Ch. 231, §108, where a litigant may “as of right” *150 have “any ruling” reported, provided he takes the steps necessary to preserve that right. The statute of 1931 contemplates a case already reduced to its lowest terms, either by an agreed statement of facts, or, as an equivalent, not a general finding for one party or the other, but a finding of the facts or any other ease involving a question of law only. The last phrase is designed to cover such matters as demurrers, motions to dismiss, statutory construction and the like. It will not serve as an escape from the obviously restrictive words of this statute to say that the appellant’s argument is addressed only to a question of law, even though it be no more than a ruling on evidence or whether the evidence “warranted” a finding. Nothing but questions of law ever go up, on the law side, under any review through report. If such matters as attack the findings can go up under the statute, everything presenting a legal question can go up, and the restrictive terms of the statute mean nothing. What the statute covers are cases intrinsically devoid of any factual element, or cases in which that element has been eliminated, either by agreement or by a finding of “the facts”, which stands. If parties wish to raise the question whether “the facts” were rightly or warrantably found, it should be done by the ordinary procedure. The statute of 1931 is addressed to a case prepared for final order, not a ease which may result only in an order for retrial of issues of fact.
It follows from what has been said that this report of “rulings” is not rightly here. cf. Hack v. Nason, 190 Mass. 346. Gora v. Neapolitan Ice Cream Co., 259 Mass. 463. Buchannan v. Meisner, 279 Mass. 457.
Report discharged.