Estes, P. J.
This is an action of contract. After finding was made in favor of the plaintiff, the defendant seasonably filed a request for a Report and Draft Report, but did not file a copy of the Draft Report with the Trial Judge, as required by Rule 28 of the District Courts. The plaintiff filed a Motion to Dismiss the defendant’s “request for Report and Draft Report,” which motion was “allowed” and the Request for Report and Draft Report were “dismissed” because of non-compliance with the rule.
*179 The defendants complied with the Buies, excepting that “no copy of the Draft Beport was given or mailed, postage prepaid, to the Trial Justice before the close of the next business day after filing said Draft Beport.” The defendants claim to be “ aggrieved by the dismissal of their claim for Beport and Draft Beport, and by the allowance of the plaintiff’s Motion to Dismiss,” and are before us on a report respecting the allowance of the motion and the dismissal.
The defendants contend that the Buies were not intended to penalize a failure to comply with the provisions of Buie 28, that a copy of the Draft Beport shall be given to the Trial Justice, so severely as to cause the “claim for a Beport and Draft Beport to be disallowed.”
They argue that if it was so meant a penalty clause would have been inserted as, they point out, was done elsewhere in the rules, and mention specifically the provision of failure to file a Draft Beport following a claim for report, and failure to prepare a copy after the form of report has been settled. They also point out the penalties for failure to comply with Buies 29 and 30.
They further argue that the failure to observe the requirements of Buie 28, that the issues shall be clearly stated, and how the party claims to be aggrieved is not fatal.
And, further that there is no such rule in other courts; that it has no historical precedent, and has been a rule of the District Courts only since 1940; that there is no need for the rule and that it “does not constitute justice or common sense.”
The practice in this case was correct, and the matter is rightly before this Division, Gallagher vs. Atkins, 305 Mass. 261; Murray vs. Edes Mfg. Company, 305 Mass. 311. *180 The rule is within the scope of the power conferred by deneral Laws, Chapter 218, Section 43. Mass. Drug Company vs. Bencks, 256 Mass. 535; Walton vs. Am. Pastry Products Company, 274 Mass. 268.
The defendants say that the Trial Court has construed the rule as preemptory, and for the reasons hereinbefore mentioned the Court was wrong. The plaintiff maintains that the filing the request with this Trial Judge is mandatory and an essential step in perfecting the Report. That, since that part of the rule was not complied with, the Report is not properly before the Court for consideration.
The rules as to giving notice have been construed strictly, even harshly. The third paragraph of Rule 28 is one sentence. It requires a copy to be delivered or mailed, before the close of the next business day after filing the Draft Report, to the Trial Justice, and to the adverse party. It has been held that, if the notice is given the adverse party first and the filing occurs after, the notice is insufficient. Saunders vs. Shoe Lace Company, 293 Mass. 265, and cases cited.
We construe the failure to strictly comply with the rule to deliver or mail a copy of the Draft Report to the Trial Justice, as well as to the adverse party, after filing in court, to be fatal to the right to have a Report established.
The motion to dismiss was correctly allowed and the claim for Report properly dismissed. The order is, This Report Dismissed.