*Western District*

*District Court of Springfield*

## HOWARD GOKEY

### v.

## JEROME ZWICKER

The plaintiff in this case, which is an action of contract, has filed what is entitled "Petition for Draft Report" although in the body of this document he asks that a report be established in this cause of action. He sets out in his petition that previous to this action a small claims proceeding was brought in the District Court of Springfield by the defendant in the present case against the plaintiff therein and that in the small claims proceeding judgment was rendered against the plaintiff Gokey. He further alleges that Gokey was placed under an order to pay a certain sum weekly, that from the order in the small claims proceeding Gokey filed a written appeal to the Superior Court and that upon the refusal of the Clerk to forward this appeal to the Superior Court a writ of mandamus was filed against him to compel him to forward such appeal to the Superior Court. As far as the petition shows, this writ of mandamus is still pending in the Superior Court.

Insofar as the supplementary proceedings after judgment in the small claims action are concerned the Appellate Division has no jurisdiction of a report or of a petition to establish such report. *Donnelly v. Montague*, 305 Mass. 14. The plaintiff's action for

contract was brought after the final judgment in the small claims procedure in favor of the present defendant. The plaintiff's petition sets out various hearings and orders of the court on his action of contract which have resulted in the plaintiff's becoming non-suit on March 12, 1955. According to the plaintiff's petition, on March 12th he filed in this case certain "exceptions" to the court's orders including the order of non-suit which was entered upon that day. He also filed certain requests for rulings and a request for draft report in the following terms:

> "The plaintiff requests this Honorable Court in writing for a Draft Report on the Requents for Rulings as filed in said action and denied; and the plaintiff requests this Honorable Court for a Draft Report on the Exceptions as filed in said action on the Order of the court of March 8, 1955; said Requests and Exceptions being attached hereto and made a part hereof."
> The plaintiff requests the Report on said Requests for Rulings as made on the Exceptions as made."

It does not appear that this request for draft report was passed upon by the trial judge but in his petition the plaintiff alleges that judgment was entered for the defendant on March 25, 1955 which he states can be deemed to be a denial of his request for rulings, "exceptions" and request for a draft report. On April 4, 1955 he filed a second request for draft report as follows:

> "The plaintiff requests this Honorable Court in writing for a Draft Report on the Requests for Rulings and Exceptions as filed in said action and as denied by the entry of judgment in said action on March 25, 1955."

Even assuming that these requests for draft report, so-called, were seasonably filed they do not comply with Rule 27 of the District Court (1952) and consequently the plaintiff's claim for report could

not be allowed. *Rollins v. Perry*, 284 Mass. 488. Furthermore Rule 28 of the District Courts (1952) provides that the party requesting the report shall file a draft thereof within ten days after notice of the finding or decision and sets out the necessary contents of such draft report and a provision that a copy thereof shall be mailed to the trial judge and to the adverse party before the close of the next business day after such filing. There is no allegation in the plaintiff's petition that such draft report has been filed. Even if the requests for report might be deemed to be draft reports they do not appear to have been disallowed by the trial judge and as we have stated above they are inadequate as far as the matters contained therein.

It is plain that the rules of the District Court have not been complied with in reference to the filing of a draft report. These rules are binding upon all parties and all courts and cannot be waived by any individual judge or by the Appellate Division. *Massachusetts Drug Co. v. Bencks*, 256 Mass. 535. *Murphy v. William C. Barry, Inc.*, 295 Mass. 94 at 97. *Calcagno v. P. H. Graham & Sons, Inc.*, 313 Mass. 364, 367.

We have no authority to establish the report upon the facts set out in the plaintiff's petition and consequently the petition is denied.